IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AZIMI ENTERPRISES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-3139-D |
| VS. | § | |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff Azimi Enterprises, LLC ("Azimi") alleging breach of

Azimi's bankruptcy reorganization plan, and seeking a declaratory judgment and an equitable

accounting, defendant Ocwen Loan Servicing, LLC ("Ocwen") moves for judgment on the

pleadings under Fed. R. Civ. P. 12(c), or, alternatively, for summary judgment.  Concluding

that Ocwen was not a party to, or otherwise bound by, the reorganization plan, the court

grants Ocwen's alternative motion for summary judgment and dismisses this action with

prejudice.

I

Since 2005 Azimi has owned three pieces of real property in Dallas.[1]  This property

is secured by a deed of trust that is currently held by U.S. Bank.  In 2013 Azimi filed for

---

[1]In deciding Ocwen's alternative summary judgment motion, the court views the evidence in the light most favorable to Azimi as the summary judgment nonmovant and draws all reasonable inferences in its favor.  *See, e.g., Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

bankruptcy under chapter 11.  As a part of the bankruptcy, Azimi filed a proposed plan of

reorganization.  It negotiated the proposed plan with creditors, including U.S. Bank, whom

Ocwen represented at negotiations and throughout the bankruptcy proceedings.  In 2014 the

bankruptcy court confirmed the Third Amended Plan ("Plan").

The Plan provided that U.S. Bank would pay taxes and insurance on Azimi's property

from an escrow account that Azimi funded.[2]  The first round of property taxes after Plan

confirmation came due in early 2015.  Azimi expected Ocwen, as servicer for U.S. Bank, to

pay the taxes, but the payment deadline passed without Ocwen's taking any action.  Azimi

arranged to pay the taxes itself by taking out an additional loan.

Azimi filed this lawsuit in state court to recover from Ocwen damages incurred from

paying the property taxes.  Azimi asserted claims for declaratory judgment, breach of

contract, and accounting.  Ocwen removed the action to this court and later filed the instant

motion for judgment on the pleadings or, alternatively, for summary judgment.  Azimi

---

[2]The Plan states, in relevant part:

> In addition, beginning with the first monthly payment, and
> continuing each month until the Class 4 Claim is paid in full,
> there shall be added to each monthly payment an amount equal
> to 1/12 of 103% of the sum of (1) the prior year's ad valorem
> taxes on the Property and (2) the total of the premiums paid in
> the prior year for casualty insurance on the Property. . . .  Such
> amount shall be held in escrow by the BANK and paid by it, on
> behalf of [Azimi] to the applicable taxing authorities and the
> insurance carrier chosen by [Azimi].

P. App. 23.

opposes the motion.[3]

## II

The court will assume *arguendo* that Azimi's state court petition sufficiently pleads plausible claims against Ocwen and that the Rule 12(c) motion should be denied.[4]  The court will decide instead whether Ocwen is entitled to summary judgment.

When a summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the nonmovant's claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once it does so, the nonmovant must go beyond its pleadings and designate specific facts demonstrating that there is a genuine issue for trial.  *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The nonmovant's failure to produce proof as to any essential element renders all other facts immaterial.  *See TruGreen Landcare,*

---

[3]The parties have also filed evidentiary objections that the court denies below as moot. *See infra* note 7.

[4]Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)) (internal quotation marks omitted).  The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6).  *Id.* at 313 n.8.

- 3 -

*L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.).  Summary judgment

is mandatory where the nonmovant fails to meet this burden.  *Little*, 37 F.3d at 1076.

III

The court turns first to Azimi's breach of contract claim.

A

Because a bankruptcy plan is essentially a new contract between a debtor and

creditors, courts regularly apply principles of contract law to reorganization plans.  *In re*

*MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012).  To establish that Ocwen

breached the Plan, Azimi must show "(1) the existence of a valid contract; (2) performance

or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4)

damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*,

564 F.3d 386, 418 (5th Cir. 2009).  Under Texas law, "[a] written contract must be construed

to give effect to the parties' intent expressed in the text as understood in light of the facts and

circumstances surrounding the contract's execution, subject to the parol evidence rule."

*Hous. Expl. Co. v. Wellington Underwriting Agencies, Ltd.*, 352 S.W.3d 462, 469 (Tex.

2011).  "When interpreting an integrated writing, the parol-evidence rule precludes

considering evidence that would render a contract ambiguous when the document, on its face,

is capable of a definite legal meaning." *Americo Life, Inc. v. Myer*, 440 S.W.3d 18, 22 (Tex.

2014).

B

Ocwen maintains that it is not a party to the Plan[5] or otherwise bound by it, so it cannot have breached the Plan.

The bankruptcy court's confirmation of a reorganization plan binds "the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner[.]" 11 U.S.C. § 1141(a). Article 9.02 of Azimi's Plan—entitled "Legal Binding Effect"—contains a similar provision:

> The provisions of this Plan, pursuant to the Bankruptcy Code Section 1141 shall bind AZIMI and all Creditors, whether or not they accept this Plan. The distributions provided for Claimants shall not be subject to any Claim by another creditor or interest holder by reason of any assertion of a contractual right of subordination.

P. App. 27. 11 U.S.C. § 101(10) defines a "creditor" as any "(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor; (B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or (C) entity that has a community claim."[6] Azimi has submitted no summary judgment evidence, nor has it argued, that Ocwen is a creditor bound to the terms of the Plan.

---

[5]*See, e.g., Khatib v. Cathay Bank*, 2012 WL 3072326, at *4 (N.D. Tex. July 26, 2012) (McBryde, J.) (holding that claim for breach of contract fails as matter of law when defendant is not party to contract with plaintiff).

[6]The Plan defines creditor as having the meaning specified in the Bankruptcy Code. *See* P. App. 17.

Azimi instead bases its argument on agency law, essentially contending that, because Ocwen represented U.S. Bank at negotiations, Ocwen is bound by the terms it negotiated for U.S. Bank.  Whether Texas law binds Ocwen as an agent depends on whether it disclosed to Azimi that it was representing U.S. Bank.  *See Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 428 (5th Cir. 2003).  "It is well established [under Texas law] that an agent acting for a disclosed principal is not liable for claims arising out of contracts executed by the agent on behalf of its principal."  *Id*. (footnotes omitted).  Azimi does not allege that Ocwen failed to disclose that it represented U.S. Bank.  In fact, Azimi states in its brief that "[Ocwen] did, in fact, participate as the representative of U.S. Bank as its attorney in fact and servicer in fact."  P. Br. 12.

And although parties to a contract can "alter this general rule so that the agent *will* be liable on the contract," *Instone Travel*, 334 F.3d at 428, the court holds that the parties did not alter the general rule here.  This is because the Plan unambiguously binds only those parties specified in Article 9.02.  To hold otherwise would contradict the express text of the Plan as agreed to by Azimi and confirmed by the bankruptcy court.  Texas law considers the express language of an agreement to be the best evidence of the parties' intent.  *See Americo Life*, 440 S.W.3d at 22 ("To determine the parties' intent, we examine the express language of their agreement.").

Because a reasonable jury could only find that Ocwen disclosed that it was acting for U.S. Bank (i.e., that U.S. Bank was a disclosed principal), and could not find that Ocwen contractually agreed that it would be bound by the Plan, the jury could only find that there

was no binding contract between Azimi and Ocwen.[7]  Ocwen is therefore entitled to

summary judgment dismissing Azimi's breach of contract claim.

IV

Azimi also seeks a declaratory judgment, which the court evaluates under the federal

Declaratory Judgment Act.[8]

> The federal Declaratory Judgment Act does not create a
> substantive cause of action.  A declaratory judgment action is
> merely a vehicle that allows a party to obtain an early
> adjudication of an actual controversy arising under other
> substantive law.  Federal courts have broad discretion to grant
> or refuse declaratory judgment.  Since its inception, the DJA has
> been understood to confer on federal courts unique and
> substantial discretion in deciding whether to declare the rights
> of litigants.  The DJA is an authorization, not a command.  It
> gives federal courts the competence to declare rights, but it does
> not impose a duty to do so.

*Turner v. AmericaHomeKey Inc.*, 2011 WL 3606688, at *5 (N.D. Tex. Aug. 16, 2011)

(Fitzwater, C.J.) (citation omitted), *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013).

---

[7]Because the court is granting summary judgment on this reasoning, the evidentiary objections made by Azimi and Ocwen are denied as moot.

[8]"When a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Props., LLC v. Holmes Co.*, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.) (citing *i2 Techs. US, Inc. v. Lanell*, 2002 WL 1461929, at *7 n.5 (N.D. Tex. July 2, 2002) (Fish, C.J.)).  Accordingly, the court will treat the declaratory judgment action as if it is asserted under the federal Declaratory Judgment Act.

In its state court petition, Azimi makes the following requests and alternative request:

> 21.  Plaintiff requests the Court enter a judgment declaring the rights of the parties hereto.  Plaintiff[] requests the Court find that Plaintiff is current under the plan of reorganization in the Bankruptcy and is not in default to Defendant.

> 22.  In the alternative, and without wa[i]ving the foregoing, Plaintiff requests the Court find the total amount due and owing to Defendant under the Plan.

P. Pet. 7.  Because Azimi has no underlying cause of action for breach of contract, and the declaratory judgment requests add nothing material to Azimi's breach of contract claim, the court declines in its discretion to entertain Azimi's declaratory judgment claim.

V

The court turns finally to Azimi's accounting claim.  "An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." *Brown v. Cooley Enters., Inc.*, 2011 WL 2200605, at *1 (N.D. Tex. June 7, 2011) (Fitzwater, C.J.) (quoting *Michael v. Dyke*, 41 S.W.3d 746, 754 (Tex. App. 2001, no pet.), *abrogated on other grounds as recognized by Buck v. Palmer*, 379 S.W.3d 309, 323 (Tex. App. 2010) (mem. op.), *rev'd on other grounds*, 381 S.W.3d 525 (Tex. 2012)) (internal quotation marks omitted).  An equitable accounting is an equitable remedy that is proper when the facts and accounts in issue are so complex that adequate relief cannot be obtained at law.  *Id.* (citing *Hutchings v. Chevron USA, Inc.*, 862 S.W.2d 752, 762 (Tex. App. 1993, writ denied)).

The court will assume *arguendo* that Azimi is alleging the accounting claim as a

- 8 -

separate cause of action, not merely as a remedy for its breach of contract claim. *See* P. Pet. 8 (pleading "Accounting" claim as "Count Three"). Azimi's primary argument in support of this claim is that it has no knowledge of how Ocwen handled the funds it should have escrowed. But aside from the fact that Azimi has no underlying breach of contract claim against Ocwen that would support an accounting of escrowed funds, Azimi has neither argued nor introduced evidence permitting the reasonable finding that it could not uncover this information through use of standard discovery procedures. Accordingly, the court grants summary judgment dismissing Azimi's accounting claim. *See id.* (dismissing counterclaim for accounting because defendant failed to plausibly allege that it could not obtain adequate relief through discovery); *see also Steele v. Green Tree Servicing, LLC*, 2010 WL 3565415, at *8 (N.D. Tex. Sept. 7, 2010) (Fitzwater, C.J.) (granting summary judgment denying accounting remedy because record lacked evidence that discovery tools were insufficient to clarify disputed accounts), *aff'd*, 453 Fed. Appx. 473 (5th Cir. 2011).

\*   \*   \*

For the reasons explained, the court grants Ocwen's alternative motion for summary judgment and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

October 20, 2016.

_____

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE